IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM SOLOMON LEWIS, | Civil No. 3:21-cv-8 |
| Plaintiff | (Judge Mariani) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## MEMORANDUM

Plaintiff William Solomon Lewis ("Lewis"), a former inmate who was in the custody of the Federal Bureau of Prisons ("BOP"), initiated this action pursuant to the Federal Tort Claims Act ("FTCA")[1], alleging that prison officials at the United States Penitentiary at Allenwood, Pennsylvania ("USP-Allenwood"), failed to prevent another inmate from assaulting him with a razor blade on August 28, 2018. (Doc. 1). The sole named Defendant is the United States of America ("United States"). (*Id.*). Presently pending before the Court is the United States' motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. (Doc. 16). For the reasons set forth below, the Court will grant the motion.

---

[1] The FTCA vests exclusive jurisdiction in district courts for claims against the United States for money damages involving "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

## I. Statement of Undisputed Facts[2]

Lewis is a former federal inmate who was confined at USP-Allenwood from March 9, 2017 until November 13, 2018. (Doc. 17 ¶ 1). On July 19, 2019, Lewis was released from the custody of the Federal Bureau of Prisons. (Id. ¶ 2).

Before the August 28, 2018 incident which forms the basis of this lawsuit, Lewis submitted fourteen administrative tort claims, as reflected by the BOP's computerized record of all administrative tort claims. (Id. ¶ 3). Ten of those claims pertain to incidents that occurred at the United States Penitentiary at Canaan, Pennsylvania, or USP-Allenwood, and identify the Northeast Regional Office in the tort claim number. (Id. ¶ 4). None of these fourteen administrative tort claims pertain to the subject matter of the instant lawsuit. (Id. ¶¶ 3, 4).

On January 27, 2021, the BOP's Central Office received various documents from Lewis dated December 20, 2020. (Id. ¶ 5; Doc. 25 ¶ 3). These documents consisted of

---

[2] Lewis filed a statement of material facts (Doc. 25); however, his statement of material facts fails to comply with Local Rule 56.1 which requires a party opposing a motion for summary judgment to "include a separate, short and concise [responsive] statement of the material facts, responding to the numbered paragraphs set forth in" the movant's fact statement. See Local Rule 56.1. Lewis' responsive fact statement (Doc. 25) contains five paragraphs and fails to correspond to the sixteen-paragraph concise statement of material facts filed by the United States (Doc. 17). The averments of Lewis' responsive fact statements are entirely independent of those in the United States' filing, and the numbered paragraphs of Lewis' submission do not correlate in any meaningful way to the paragraphs in the United States' statement. In sum, Lewis' document does not comply with Local Rule 56.1's requirement of parity between the two filings and Lewis does not respond to the majority of the United States' fact statements. Therefore, as authorized by Local Rule 56. 1, the Court will admit as uncontroverted the statement of facts submitted by the United States that Lewis has not contested. See Local Rule 56.1 ("All material facts set forth in the statement required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."). To the extent that Lewis disputes the United States' fact statements, the Court cites to Lewis' statement of facts.

2

waivers of service of summons forms and a complaint. (*Id.*). The caption of the documents that Lewis submitted to the BOP's Central Office referenced the United States District Court for the Southern District of Pennsylvania and case number 3:20-cv-2294. (Doc. 17 ¶ 6). The Central Office forwarded those documents to the BOP's Northeast Regional Office, they were received on March 4, 2021, and assigned case number TRT-NER-2021-03171. (*Id.* ¶ 7). On March 5, 2021, Darrin Howard, the Regional Counsel for the BOP's Northeast Region, sent a letter to Lewis at the Harris County Sheriff's Office Jail to inform him that if he intended his documents to be a complaint filed with the court, he should send them directly to the court. (*Id.* ¶ 8). The Regional Counsel also informed Lewis that there is no record of him having submitted a tort claim to the Northeast Regional Office concerning events at USP-Allenwood in August 2018, but that if he intended his documents to be an administrative claim submitted pursuant to Program Statement 1320.06, Federal Tort Claims Act, the documents should be submitted to the Regional Office where the incident occurred. (*Id.* ¶ 9). The BOP's computerized record shows that the first time documents for case number TRT-NER-2021-03171 were received was on January 27, 2021. (*Id.* ¶ 10). The Regional Counsel included, as an attachment to his letter, the proper SF-95 form for the submission of an administrative tort claim pursuant to 28 U.S.C. § 2401. (*Id.* ¶ 11). The Regional Counsel also informed Lewis of the two-year statute of limitations applicable to claims under the FTCA. (*Id.* ¶ 12).

Administrative Tort Claims should be sent to the Regional Office which covers the institution where the incident occurred. (*Id.* ¶ 13). When the Regional Office receives the tort claim, the claim is reviewed to determine whether it is appropriately filed. (*Id.* ¶ 14). If the Regional Office determines a tort claim is appropriately filed, it sends an acknowledgment letter indicating the filing date, a claim number, and the six-month date by which a response can be expected. (*Id.* ¶ 15). If the Regional Office determines a tort claim is inappropriately filed, it is rejected and returned with a request for supplemental information. (*Id.* ¶ 16).

## II.   **Legal Standard**

Through summary adjudication, the court may dispose of those claims that do not present a "genuine dispute as to any material fact." FED. R. CIV. P. 56(a). "As to materiality, . . . [o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The party moving for summary judgment bears the burden of showing the absence of a genuine issue as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once such a showing has been made, the non-moving party must offer specific facts contradicting those averred by the movant to establish a genuine issue of material fact. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Therefore, the non-moving party may not oppose summary judgment simply on the basis of

the pleadings, or on conclusory statements that a factual issue exists. *Anderson*, 477 U.S. at 248. "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B). In evaluating whether summary judgment should be granted, "[t]he court need consider only the cited materials, but it may consider other materials in the record." FED. R. CIV. P. 56(c)(3). "Inferences should be drawn in the light most favorable to the non-moving party, and where the non-moving party's evidence contradicts the movant's, then the non-movant's must be taken as true." *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir.1992), *cert. denied* 507 U.S. 912 (1993).

However, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). If a party has carried its burden under the summary judgment rule,

> its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

5

*Id.* (internal quotations, citations, and alterations omitted).

## III. Discussion

The United States seeks an entry of judgment based on Lewis' failure to exhaust his administrative remedies. (Doc. 18). The FTCA constitutes a statutory waiver of sovereign immunity for tort claims, *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997), and allows the government to be sued "in the same manner and to the same extent as a private individual under like circumstances." *See* 28 U.S.C. § 2674. However, because the FTCA is an express waiver of sovereign immunity, strict compliance with its provisions is required. *Livera v. First Nat'l Bank*, 879 F.2d 1186, 1194 (3d Cir. 1989).

A prerequisite to suit under the FTCA is that a claim must first be presented to the Federal agency and be denied by that agency. Specifically, the FTCA provides:

> An action shall not be instituted against the United States for money damages for injury or loss of property or personal injury . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The statutory language is clear that a court does not have jurisdiction before administrative remedies have been exhausted, and a court must dismiss any action that is initiated prematurely." *Wilder v. Luzinski*, 123 F. Supp. 2d 312, 313 (E.D. Pa. 2000) (citing *McNeil v. United States*, 508 U.S. 106 (1993)).

Thus, prior to commencing an FTCA action against the United States in federal court, a plaintiff must "first present [ ] the claim to the appropriate [f]ederal agency" and

6

receive a final denial "by the agency in writing and sent by certified or registered mail." 28 U.S.C. § 2675(a). A claim is considered to be presented when the federal agency receives written notification of the alleged tortious incident and the alleged injuries, together with a claim for money damages in a sum certain, in the form prescribed by the applicable federal regulations. 28 C.F.R. § 14.2(a). If the receiving federal agency fails to make a final disposition of the claim within six months from the time it is filed, that failure is "deemed a final denial of the claim" for purposes of commencing suit under the FTCA. 28 U.S.C. § 2675(a).

The Third Circuit has instructed that "[i]n light of the clear, mandatory language of the statute, and [the] strict construction of the limited waiver of sovereign immunity by the United States . . . the requirement that the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma v. United States*, 344 F.3d 352, 362 (3d Cir. 2003) (citing *Livera*, 879 F.2d at 1194). The Supreme Court has likewise explained that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies." *McNeil*, 508 U.S. at 113 (holding that a court is without jurisdiction to rule on a prematurely filed action even if an agency denies the related administrative claim soon after the federal lawsuit is filed).

Specifically, the BOP has an administrative tort claim process through which an inmate can seek compensation from the United States for personal injury, wrongful death,

Case 3:21-cv-00008-RDM-CA   Document 29   Filed 01/05/22   Page 8 of 10

or loss of property. See 28 C.F.R. §§ 543.30-543.32; BOP Program Statement 1320.06[3]. Specifically, BOP inmates may commence an administrative tort claim pursuant to the FTCA by filing a claim with the Regional Office. See 28 C.F.R. § 543.31(c) and Program Statement 1320.06 at 3-4. If the claim is denied, the inmate can "request, in writing, that the Bureau of Prisons reconsider [the] claim in the administrative stage." 28 C.F.R. § 543.32(g) and Program Statement 1320.06. If the inmate is "dissatisfied with the final agency action," he may then file suit in federal court. 28 C.F.R. § 543.32(g) and Program Statement 1320.06 at 7. "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

Lewis did not timely file an administrative tort claim with the BOP Northeast Regional Office alleging that staff at USP-Allenwood failed to prevent another inmate from assaulting him with a razor blade on August 28, 2018. The uncontroverted record reveals that Lewis did not submit *any* administrative tort claims within two years of the August 28, 2018 incident. (See Doc. 17-2, p. 10, Administrative Tort Claim File). Lewis claims that he submitted an administrative tort claim in June 2020, albeit a claim which was never received

---

[3] Program Statement 1320.06 is available at http://www.bop.gov through the "Policy & Forms" link.

8

by the Bureau of Prisons. The Court finds as a factual matter that Lewis has failed to prove timely exhaustion, and the United States has affirmatively proven by the greater weight of the evidence that timely exhaustion did not occur in this case. Lewis' assertion that he submitted an administrative tort claim in June 2020 is entirely inconsistent with the evidence. In order to credit Lewis' allegation that he had timely submitted an administrative tort claim in June of 2020, the Court would have to accept the authenticity of a document which was only produced as part of this litigation and was never received by the BOP. There is no record that Lewis timely submitted a tort claim to the Northeast Regional Office concerning the August 2018 incident at USP-Allenwood. (*See id.*). Lewis' unsubstantiated claim that he submitted an administrative tort claim in June 2020 is insufficient to withstand summary judgment.

As stated, under the FTCA, a plaintiff may not bring suit against the United States "for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). "It is a jurisdictional prerequisite to a suit under the FTCA that a plaintiff have exhausted all administrative remedies." *Santos ex rel. Beato v. United States*, 559 F.3d 189, 193 (3d Cir. 2009) (finding that to make a claim under the FTCA, a claimant first must file the claim with the administrative agency allegedly responsible for the injuries) (citations omitted). It is quite clear that Lewis failed to exhaust his FTCA

9

administrative remedies prior to filing suit in federal court as there is simply no record evidence that he timely submitted an administrative tort claim regarding the August 2018 incident. Consequently, this Court lacks jurisdiction to consider his claim under the FTCA. *See, e.g., Bialowas v. United States*, 443 F.2d 1047, 1049 (3d Cir. 1971); *Bieregu v. Ashcroft*, 259 F.Supp.2d 342, 354-55 (D.N.J. 2003) (noting at PLRA screening stage that a district court lacks jurisdiction over an FTCA claim until the claimant has exhausted administrative remedies) (citing *McNeil*, 508 U.S. 106; *Deutsch v. United States*, 67 F.3d 1080, 1091 (3d Cir. 1995)). Summary judgment will be entered in favor of the United States and against Lewis.

## IV.   Conclusion

Based on the foregoing, the Court will grant Defendant's motion (Doc. 16) and enter judgment in favor of the United States. A separate Order shall issue.

_____
Robert D. Mariani
United States District Judge

Dated: January 4, 2022